89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James BONDS, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-4191.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: MERRITT, Chief Judge; KEITH and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 James Bonds appeals a district court judgment affirming the Commissioner's denial of his application for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Bonds filed an application for supplemental security income benefits alleging that he suffered from swollen hands, headaches, incontinence, and pain in the stomach, arm, and back. Following a hearing, an administrative law judge (ALJ) determined that Bonds was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Bonds then filed a complaint seeking review of the Commissioner's decision. The district court affirmed the denial of benefits and granted judgment for the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Bonds argues that the ALJ did not accurately consider his disabling pain. However, Bonds did not present objective medical evidence that he suffers from a condition that would cause him disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). Bonds also challenges the ALJ's credibility determination. Credibility determinations concerning allegations of pain rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). It is the Commissioner's function to resolve conflicts in the medical evidence and to determine issues of credibility. King v. Heckler, 742 F.2d 968, 974 (6th Cir.1984). The objective medical evidence simply does not support Bonds's allegations that he suffers from severe pain.
 
 
 6
 Accordingly, we affirm the district court's judgment.